UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY M. ANDERSON, JR.,

       Plaintiff,                                 Civil Case No. 21-10310
                                                     Honorable Linda V. Parker

v.

SAFETY WEAR INC. d/b/a
MIDWEST LINEN & UNIFORM
SERVICES,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF NO. 5)**

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII") and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"). (ECF No. 1.) The Defendant is Safety Wear Inc. doing business as Midwest Linen & Uniform Services ("Midwest"). Plaintiff Jerry Anderson Jr. is a former employee of Midwest and claims that he was subjected to discrimination, termination, and retaliation based on his race.

Presently before the Court is Midwest's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Anderson failed to timely respond to Midwest's motion. Therefore, on June 1, 2021, this Court ordered Anderson to show cause in writing by June 2, 2021, why Midwest's motion should

1

not be granted.  (ECF No. 7.)  On June 1, 2021, Anderson responded to the show cause order and claimed that he failed to respond due to family issues and emergencies related to the COVID-19 pandemic experienced by his attorney.  (ECF No. 8 at Pg ID 83.)  The Court vacated its Order to show cause and granted Anderson additional time to respond to Midwest's motion.  On June 11, 2021, Anderson filed a response to the motion.  (ECF No. 10.)  On June 17, 2021, Midwest replied to the motion.  (ECF No. 11.)

Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

**I.      Standard for Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not

"suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.

3

1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court may take judicial notice only "'of facts which are not subject to reasonable dispute.'" *Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)).

## II. Factual and Procedural Background

In September 2018, Midwest hired Anderson as a washer. (Compl. ¶ 8, ECF No. 1 at Pg ID 2.) His job duties included washing linens, rugs, and clothes. (*Id*. ¶ 9.) Anderson claims that Midwest discriminated against him throughout his employment. (*Id*. at 11, 13.) Anderson was repeatedly called "boy" and "n-----" by coworkers. (*Id*. at 16.) Specifically, on January 8, 2019, one of Anderson's coworkers initiated an argument with him, yelled at him, and called him a "n-----" in front of other coworkers and management. (*Id*. at 18, Pg ID 4.) Anderson reported these incidents to management. (*Id*. at 17, 21, 22, Pg ID 3-4.)

4

Midwest terminated Anderson under the "auspice of attendance issues" on February 27, 2019. (*Id.* at 12, 23, Pg ID 3, 4.) Following his termination, on April 24, 2019, Anderson filed an Equal Employment Opportunity Commission ("EEOC") complaint regarding the matter. (*Id.* at 26, Pg ID 4.) On August 21, 2020, the EEOC issued a final decision and dismissed Anderson's charge in a Dismissal and Notice of Rights ("Right-to-Sue") letter informing him of the need to file his federal claims within 90 days of receipt of that document.[1] (Right-to-Sue Letter, Ex. 1, ECF No. 10 at Pg ID 109.) The letter has a handwritten date and reads "(Date Mailed)" directly under this date. (*Id.*)

However, Anderson's Complaint alleges *receipt* of the letter "on or around November 13, 2020." (Compl. ¶ 35, ECF No. 1 at Pg ID 6.) Anderson attaches an email to his Complaint dated November 19, 2020, from a Field Director from the Detroit EEOC Field Office to support this allegation. (ECF No. 1-1 at Pg ID 8.) The Field Director informs Anderson that the "90-day filing period begins on November 13th, the day that [Anderson] received the notice." (ECF No. 1-1 at Pg

---

[1] The Right-to-Sue Letter is not attached to the Complaint; however, it is attached to Midwest's motion and Anderson's response brief. (*See* ECF No. 5 at Pg ID 55-56; *see also* ECF No. 10 at Pg ID 109.) The Court will consider the letter for purpose of the Rule 12(b)(6) motion because it is referred to in the Complaint, *see* Compl. ¶ 35, ECF No. 1 at Pg ID 6, and is central to the claims contained therein. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d at 430. However, the Court will not consider the additional exhibits referenced in the briefing outside of Anderson's pleadings for reasons to be discussed later in this opinion.

ID 8.) On February 10, 2021, Anderson initiated the present action, exactly ninety (90) calendar days after receiving the notice. (*See* ECF No. 1.)

**III. Analysis**

Midwest seeks dismissal of Anderson's claims against it, arguing: (i) Anderson's Title VII claim is untimely and barred because he failed to file suit within ninety (90) days of receipt of the Right-to-Sue letter; (ii) Anderson's claim is barred by the presumption of receipt of its RTS letter five (5) days after mailing; (iii) the proofs attached to Anderson's Complaint cannot extend the statutory filing deadline; and (iv) upon dismissal of the Title VII claim, the Court should dismiss Anderson's state law claim. (ECF No. 5.) Anderson argues that his claim is not subject to dismissal because he filed his Complaint within ninety (90) days of the November 13, 2020 date of receipt and the filing deadline that the EEOC granted him. (ECF No. 10 at Pg ID 100-01.)

"The federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000); *see also* 42 U.S.C.A. § 2000e-5(f)(1) (requiring that if the EEOC dismisses a charge "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ."). The Sixth Circuit has held that there is a rebuttable presumption of receipt of a Right-

6

to-Sue Letter five days after mailing. *Graham-Humphreys*, 209 F.3d at 557. Specifically, the court remarked:

> The Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period.

*Id.* (emphasis in original) (internal footnote omitted). Further, the Sixth Circuit has held at the summary judgment stage that a plaintiff's vague testimony that he received a Right-to-Sue letter "a week or two" after it was mailed is not enough to rebut the presumption of the five-day receipt. *Fuller v. Michigan Dep't of Transp.*, 580 F. App'x 416, 425 (6th Cir. 2014) (citing *Cook v. Providence Hosp.,* 820 F.2d 176, 179 n.3 (6th Cir. 1987).); *but cf. Schmidlin v. Uncle Ed's Oil Shoppes, Inc.*, No. 2:13-CV-10552, 2014 WL 3809415, at *5 (E.D. Mich. Aug. 1, 2014) (concluding that affidavits provided from the plaintiff and her attorney coupled with evidence of multiple attempts to contact the EEOC after the Right-to-Sue Letter was mailed was sufficient to rebut the presumption at the summary judgment stage).

However, unlike *Graham-Humphreys* and *Fuller*, the present case is at the pleadings stage. In his Complaint, Anderson alleges that he received the Right-to-Sue Letter on November 13, 2020, within ninety-days of filing this lawsuit.

7

(Compl. ¶ 35, ECF No. 1 at Pg ID 6.) The Sixth Circuit's unpublished decision in *Rembisz v. Lew*, 590 F. App'x 501 (6th Cir. 2014), held that the date of receipt of an agency's final decision was an issue of fact, which could not be resolved on a motion to dismiss. In *Rembisz* the plaintiff plead that a final agency decision was issued by the Department of Treasury but *received* by the plaintiff ten (10) days later. *Id*. at 502. Nevertheless, the district court dismissed the complaint based on the *Graham-Humphreys* five-day presumed date of receipt. *Id*. at 503. The Sixth Circuit reversed this decision noting that "[t]his case comes to us on a motion to dismiss, not a motion for summary judgment." The court reasoned that statute of limitations and exhaustion issues are only ripe on a motion to dismiss if a plaintiff "pleads himself out of court . . . ." *Id*. at 504 (citing *Jones v. Bock,* 549 U.S. 199, 215 (2007). The court further reasoned "[w]hen the complaint alleges a late date of receipt, or non-receipt, for purposes of a Rule 12(b)(6) motion, a court must accept that allegation as true and must then deny a defendant's motion to dismiss for timeliness." *Id*. It follows that if a plaintiff alleges a date of receipt in the complaint that is outside of the presumption of actual delivery but filed within ninety days of receipt, the plaintiff has not pled him or herself out of court.

Midwest argues in its motion that there is "no 'proof' in Plaintiff's Complaint that rebuts [the five-day] presumption . . . ." (ECF No. 5 at Pg ID 44.) However, "a plaintiff need not respond to a motion to dismiss with affirmative

8

matter raising a triable issue of fact on an affirmative defense." *Rembisz*, 590 F. App'x at 504. Midwest's "argument jumps the gun, as presenting evidence is one of the obligations imposed under Rule 56, not Rule 12, of the Federal Rules of Civil Procedure." *Id*. (end footnote omitted); *see also Mingo v. Fed. Cmty.*, 484 F. Supp. 3d 506, 507 (E.D. Mich. 2020) (holding that a motion to dismiss based on the rebuttable presumption was premature.) The *Rembisz* court warned, however, that if the plaintiff could not come forward with evidence at summary judgment to rebut the five-day presumption, "then the case will not be long for this world." *Id*. As such, the Court finds Midwest's arguments to be premature and that Anderson has not pled himself out of court.

Lastly, Midwest argues that the email from the EEOC Field Director granting Anderson ninety (90) days to file a Complaint is meaningless and irrelevant. (ECF No. 5 at Pg ID 45-47.) However, at this stage, the Court need not weight the sufficiency of the proof of receipt for the aforementioned reasons. Midwest also argues that the Court should not exercise supplemental jurisdiction over Anderson's state claims if the Court dismisses his Title VII claim. (ECF No. 5 at Pg ID 47.) As the Court has found that Plaintiff's Title VII claim is not time barred at this stage, the Court need not address this argument.

While not pertinent to the resolution of the motion, the Court will now address the matters presented by the parties outside the pleadings. Each party

9

attaches series of emails between Anderson and other individuals to their briefing as proof of receipt of the Right-to-Sue Letter. Federal Rule of Civil Procedure 12(d) makes clear that this Court has the discretion to exclude evidence presented outside the pleadings. Fed. R. Civ. P. 12(d) ("If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and *not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56.") (emphasis added). The Court finds Midwest's argument that Anderson "opened the door" unavailing. (*See* ECF No. 11 at Pg ID 121.) As such, the Court will not consider these matters outside of the pleadings.

Further, even if the Court were to consider the matters, it is not convinced that they can be read as proof of earlier receipt. (*See e.g.*, Ex. 3, ECF No. 5 at Pg ID 58 (referencing an email from Anderson to Midwest's attorney stating, "I have received my right to sue letter from the [EEOC] on August 21st.").) Midwest's interpretation of the wording as proof of earlier receipt is likely inaccurate and has little credence as the Right-to-Sue Letter was signed and mailed by the EEOC on August 21, 2020. It follows that it is likely implausible that Anderson would have *received* the letter on that same date. Similarly, Midwest argues that Anderson has "actual knowledge" that his ninety-day filing period would soon commence. (*See* ECF No. 11 at Pg ID 124 (referencing an email from Anderson to an employee of the EEOC.)) However, the email explains that on August 11, 2020, before the

10

EEOC issued the letter, an EEOC employee informed Anderson that a letter would issue "soon" and that it "[has not] been issued yet due to covid." Thus, similarly, the Court is not convinced that this is proof of *receipt*. *But cf. Cook*, 820 F.2d at 179 (finding summary judgment was appropriate when there was evidence that plaintiff gained actual knowledge that she "should have received a Right to Sue.") Nevertheless, the Court resolving the issue of receipt is not appropriate at the pleading stage for the reasons discussed.

Accordingly,

**IT IS ORDERED** that Midwest's Motion to Dismiss (ECF No. 5) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 9, 2022